## WOOD v. UNITED STATES.

(Circuit Court, D. Massachusetts. March 20, 1908.)

### No. 165 (1,853).

CUSTOMS DUTIES—CLASSIFICATION—"COTTON WASTE" CONTAINING JUTE—COMMERCIAL DESIGNATION.

The provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 537, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1683), for "cotton waste," includes a mixture of cotton waste and jute threads in about equal proportions, which is commercially known as "cotton waste."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, p. 1643.]

On Application for Review of Decisions by the Board of United States General Appraisers.

The two decisions below, which are reported as G. A. 6,394 (T. D. 27,457) and Abstract 12,233 (T. D. 27,493), affirmed the assessment of duty by the collector of customs at the port of Boston on imports of Charles H. Wood, which were found by the Board of General Appraisers to consist of cotton and jute threads mixed in about equal proportions.

Searle & Pillsbury, for importers.
Asa P. French, U. S. Atty.

COLT, Circuit Judge. The subject of this importation consisted of 59 bales of thread waste, which is composed of cotton waste and jute threads; and the article was classified by the collector at 10 per cent. ad valorem under paragraph 463 of the tariff act of July 24, 1897. c. 11, § 1, Schedule N, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679)

as "waste, not specially provided for," and is claimed by the importer to be free from duty under paragraph 537 of said act as "cotton waste."

The Board of Appraisers in its opinion, G. A. 6,394 (T. D. 27,457, June 28, 1906), said:

"The evidence fails to show that the article is commercially known as 'cotton waste.' We accordingly sustain the classification made by the collector."

Since this decision by the Board of Appraisers, additional testimony has been taken before a referee appointed by this court, and several witnesses were called in behalf of the importer. No evidence was offered by the government. This additional testimony established beyond any doubt that the article is commercially known as "cotton waste"; and the protest is accordingly sustained, and the decision of the Board of Appraisers reversed.